MARGARET A. MEDOKOWICH, Respondent, v DANIEL MEDOKOWICH, Appellant.

Third Department, May 8, 1975

*Harry W. Seibert, Jr.,* for appellant.

*Shanley & Shanley (Donald J. Shanley* of counsel), for respondent.

MAIN, J. On October 10, 1969, plaintiff commenced this action for a divorce on the ground of cruel and inhuman treatment and, in her prayer for relief, she also requested support for herself and the children, custody of the children and "such other and further relief as to the Court may seem proper and just." As an example of defendant's cruel and inhuman treatment, she alleged that, in 1963 after a brief separation of the parties because of marital discord, the defendant conditioned her returning home with the children upon her conveyance to defendant of title to the marital abode which theretofore the parties had held jointly. Without denying these allegations, the defendant answered that any com-

plaint concerning his conduct in 1963 was barred by the five-year Statute of Limitations contained in section 210 of the Domestic Relations Law, and he also interposed a counterclaim for divorce.

After a jury trial limited to the question of divorce, the trial court dismissed the claims of both parties therefor on the ground that they each failed to prove a prima facie case. Pursuant to section 234 of the Domestic Relations Law, however, the court retained jurisdiction over the parties for a determination of title to the family home. Subsequently, a hearing was held on this matter before the court without a jury, and the court then determined that defendant had gained title to the subject property in his name alone by means of overreaching and duress practiced upon plaintiff. Accordingly, it ordered the conveyance of the property to the parties as tenants by the entirety.

On this appeal, defendant challenges the propriety of the court-ordered conveyance, but we find his arguments unpersuasive. Pursuant to section 234 of the Domestic Relations Law, questions arising between the parties to a divorce action concerning title to property may properly be de′ermined by the court, even though matrimonial relief is withheld (see Practice Commentary by Professor David D. Siegel, McKinney's Cons. Laws of NY, Book 14, Domestic Relations Law, § 234, p 128), and, furthermore, the court may grant appropriate relief without regard to the nature of the relief sought (CPLR 3017, subd [a]; *Mid-City Shopping Center v Consolidated Mut. Ins. Co.,* 35 AD2d 1053; *Pearson v Pearson,* 34 AD2d 797, mot for lv to app den 27 NY2d 486). Accordingly, although plaintiff here specifically demands a judgment of divorce, the court was justified in ordering the conveyance because the complaint also alleges a cause of action setting forth transactions and occurrences by which defendant pressured plaintiff against her will into transferring to him alone title to the family home (see 13 Williston, Contracts [Jaeger's 3d ed], §§ 1604, 1608; CPLR 3013). Moreover, plaintiff's testimony at the hearing on the matter substantiates these allegations and, since the parties now agree that the applicable limitations period is 10 years from the date of the conveyance in 1963 and the action was commenced in 1969, the action is clearly not time-barred.

The judgment should be affirmed, with costs.

HERLIHY, P. J., GREENBLOTT, LARKIN and REYNOLDS, JJ., concur.

Judgment affirmed, with costs.