■ NANCY WEICHOLD, Respondent, v HERBERT WEICHOLD, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered January 30, 1976 in Rensselaer County, which granted, in part, plaintiff's

motion and directed that the instant action be heard and determined at a Trial Term. The litigants were divorced by a decree entered November 1, 1972. By order to show cause dated September 30, 1975 plaintiff commenced the instant proceeding seeking to impress a constructive trust on certain residential real property formerly used as the marital abode but to which title was solely in defendant's name, or to direct a sale thereof and make a division of the proceeds or alternatively to direct defendant to provide her support by providing her with a residence at the "marital abode". Special Term held that it had jurisdiction of the issues involved pursuant to sections 234 and 236 of the Domestic Relations Law and directed a trial as to the issues presented. The instant appeal ensued. Since the final divorce judgment was entered without the question of title having been litigated or even raised at any prior point, section 234 does not empower the court to thereafter adjudicate such question (*McGuigan v McGuigan,* 46 AD2d 665; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 234, pp 123, 126–127; cf. *Medokowich v Medokowich,* 48 AD2d 8). Plaintiff should, instead, have brought a separate plenary action to have her rights as to title adjudicated (*Roth v Roth,* 45 Misc 2d 150). Nevertheless, it is also true in this action the court could direct defendant to provide plaintiff with support by providing her with a residence at the marital abode. Thus, while it seems to us that the real issue presented here is title to the property which cannot be adjudicated in this action, the issue of possession was properly reviewable. Since the order of Special Term does not specifically refer the issue of title to Trial Term, the order should be affirmed. Order affirmed, without costs. Koreman, P. J., Kane, Mahoney, Herlihy and Reynolds, JJ., concur.