■ VALERIE K. HARRIS, Appellant, v KIM S. MELANDER, Respondent.— Appeals from (1) a judgment of the Supreme Court, entered December 22, 1976 in Saratoga County, upon a verdict rendered at a Trial Term in favor of defendant, and (2) an order, entered March 24, 1977, which granted defendant's motion to dismiss a complaint in a subsequent action on the ground of res judicata. Plaintiff sustained an injury to her left knee in a fall from her bicycle following a collision between it and an automobile owned and operated by the defendant. After joinder of issue in her action for personal injuries, a bifurcated trial was directed to determine whether her injury met the threshold requirements of subdivision 4 of section 671 of the Insurance Law. Since medical expenses were well below the sum of $500, the only issues to be resolved were whether plaintiff suffered from a "significant disfigurement" or a "permanent loss of use of a body organ, member, function or system" (Insurance Law, § 671, subd 4, par [a]). While it appears from the trial transcript that plaintiff initially sought to elicit proof on both of these questions, it is equally apparent that such proof was not available and evidence was limited to the topic of "significant disfigurement". The jury was instructed with respect to the statutory language and rendered a special finding of "no significant disfigurement". The record supports its verdict and we perceive no reason to disturb it. In a subsequent action between the same parties for the same cause, plaintiff then sought to establish a "permanent loss of use of a body organ, member, function or system". That issue could have been litigated in the prior action, but the proof, for whatever reason, was not then available. The record does not show any request for an adjournment in the former suit, or any agreement between the parties reserving any rights for further proof. Accordingly, whether the rule of res judicata or collateral estoppel be applied, plaintiff is in effect attempting to split her cause of action and the judgment obtained in the prior action plainly bars her from any relief in the second *(Stoner v Culligan, Inc.,* 32 AD2d 170). Judgment and order affirmed, without costs. Sweeney, J. P., Kane, Larkin and Herlihy, JJ., concur. Staley, Jr., J., not participating.