■ Mary Perry, Respondent, v John W. Perry, Appellant.— Judgment unanimously modified, and, as modified, affirmed, with costs to plaintiff, and matter remitted to Supreme Court, Onondaga County, Aronson, J., for further proceedings, in accordance with the following memorandum: In 1973 at a time when these parties were married, defendant husband negotiated the purchase of real property containing a restaurant and bar at a cost of $56,000. Utilized as part of the purchase price were funds approximating $15,000 then on deposit in a savings bank under plaintiff wife's name. The purchase was completed and business commenced in the first quarter of 1974. Thereafter, on or about May 23, 1974, the parties separated. In February, 1975 plaintiff commenced an action for divorce against her husband. During the course of the matrimonial action, the parties entered into a stipulation consenting to mutual default divorces, disposition of the marital residence, a division of furnishings and personal apparel; the stipulation was silent as to the restaurant property. In April, 1977, within two months of the divorce decree, plaintiff commenced this action to impress a constructive trust on the restaurant business. Following trial it was determined that defendant expressly promised to take title to the property in both his and his wife's name; that in reliance upon that promise the plaintiff transferred $15,000 of her own money to the defendant. Defendant contends on appeal, inter alia, that (1) under the doctrine of res judicata and/or collateral estoppel, the plaintiff's action should be precluded because of the prior divorce action between the parties in which they concluded a property settlement; (2) the record fails to support the existence of a confidential relationship or that the funds were plaintiff's own money. In an action for divorce the court may determine any question as to the title to property arising between the parties (Domestic Relations Law, § 234). A decree of divorce is final as to the title and property rights of the parties to the extent that these matters are placed in issue and adjudicated, but is not conclusive when the issue was not determined by the trial court (De Giarde v De Giarde, 54 AD2d 628). Failure to raise or litigate the title question in the first action does not constitute a waiver or bar of any rights based upon such title. The statutory language, being permissive rather than mandatory, does not preclude a separate action (Trecot v Taxter, 69 Misc 2d 248). The issues here involve title to the restaurant property. Title to those premises was not litigated nor was it an integral part of the stipulation in the prior divorce proceeding. Neither res judicata nor collateral estoppel will bar plaintiff's claim where there has been no opportunity to litigate the constructive trust and title question. Since the final divorce judgment was entered without the question of title having been litigated or even raised at any prior point, plaintiff is not precluded from commencing a separate plenary action to have her right as to that title adjudicated (Weichold v Weichold, 54 AD2d 1015). The record discloses conflicting testimony on each of the elements of a constructive trust. The trial court found by a preponderance of the credible evidence that the elements of a constructive trust existed in favor of plaintiff. We should not disturb the court's findings

as trier of the facts unless its conclusions could not be reached under any fair interpretation of the evidence *(Tomaino v Tomaino,* 68 AD2d 267). When, as here, the truth hinges on the credibility of witnesses, the trial court's observation advantage is to be given deference and its determination should be given great weight *(Saff v Saff,* 61 AD2d 452). Viewing the record in light most favorable to sustain the trial court's judgment, and giving due deference to its findings on credibility, we find that there was sufficient evidence to support its conclusion that defendant husband is a constructive trustee of the real property commonly known as Keg II Restaurant to the extent that plaintiff is entitled to an interest therein *(Tomaino v Tomaino, supra).* We note that the decision grants plaintiff an unidentified interest in the property and directs defendant to execute the necessary document to reflect that interest. The judgment thereafter filed ex parte by plaintiff directs defendant to execute and deliver a deed to plaintiff conveying an interest in premises as tenant in common. Inasmuch as the decision fails to specify plaintiff's exact interest, the matter is remitted to determine the extent of such interest. We have reviewed the other matters raised by defendant and find them to be without merit. (Appeal from judgment of Onondaga Supreme Court—constructive trust.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ. (Decided Nov. 18, 1980.)