■ BETTY PRASAD, Respondent-Appellant, v BIRENDRA PRASAD, Appellant-Respondent. — In an action for divorce (1) the defendant husband appeals from a judgment of the Supreme Court, Richmond County, dated December 5, 1979, which, *inter alia,* granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment and awarded her custody of the parties' children, and (2) the parties cross-appeal from a further judgment of the same court, dated June 26, 1980, which, *inter alia,* distributed certain property, awarded plaintiff alimony, child support and counsel fees and set forth defendant's right of visitation. Judgment dated December 5, 1979, affirmed, without costs or disbursements. The findings of facts are affirmed, except the finding that the defendant was not a good and dutiful father is reversed. We find he was a good and dutiful father. Judgment dated June 26, 1980, modified, on the law, by deleting the fourth decretal paragraph. As so modified, judgment affirmed, without costs or disbursements, and matter remanded to Special Term for further proceedings in accordance herewith. The finding in the judgment of December 5, 1979 that defendant was not a good and dutiful father is a direct contradiction of the trial court's observation that both parties were fit and loving parents. The finding is unsupported by the proof. The remaining findings adequately support the grant of a divorce to the plaintiff. By the fourth decretal paragraph of the judgment of June 26, 1980, the trial court awarded the plaintiff attorney fees in the amount of $10,000. We find that sum to be proper and adequate. Before perfecting his appeal, defendant moved this court to stay, *inter alia,* his payment of the counsel fee. This court granted the relief on condition that he pay $5,000 on account toward the counsel fee. The defendant paid $5,000 to plaintiff's attorney and, thereafter, perfected his appeal. The court has now read the testimony in the appendix on appeal. At trial the plaintiff admitted taking $11,000 of the defendant's money from a safe-deposit box, from which she claims to have paid her attorney $8,000. Her attorney claims to have received $7,830 from her. Plaintiff's attorney has thus received in excess of $12,000 of the defendant's money. Upon remand Special Term should deter-

mine the exact amount plaintiff paid her attorney. He should then be directed to refund to the defendant all amounts received by him in excess of $10,000. On remand Special Term should also determine the proper disposition of the remaining $3,000 from the money plaintiff removed from the safe-deposit box. By the seventh decretal paragraph of the judgment of June 26, 1980, Special Term dismissed defendant's counterclaim to impress a constructive trust in his favor on premises located at 7708 Fourth Avenue, Brooklyn, New York, in which the defendant maintains his medical practice. This court will not disturb the trial court's determination, since the issue turned upon the credibility of the witnesses and was thus a matter within the trial court's special competence. However, the judgment of June 26, 1980 made no provision for the disposition of these premises, so the matter is also remanded for further consideration with respect thereto. Damiani, J.P., O'Connor, Weinstein and Thompson, JJ., concur.