■ WILLIAM FISHER, Appellant-Respondent, v GLADYS FISHER, Respondent-Appellant. — In a matrimonial action, (1) the plaintiff husband appeals from so much of (a) a judgment of divorce of the Supreme Court, Westchester County (Walsh, J.), dated May 27, 1980, as required him to pay defendant the sum of $85 per week alimony and the sum of $2,000 as counsel fees, and (b) an order of the same court, dated February 10, 1981, as directed the entry of judgment against him in the sum of $4,635 and awarded an additional counsel fee of $500 to defendant's attorney; and (2) the defendant wife cross-appeals from so much of the aforesaid judgment as (a) dismissed her fourth counterclaim and that portion of her fifth counterclaim which sought exclusive possession of the marital home, and (b) fixed her counsel fee at only $2,000. Judgment affirmed insofar as appealed from, without costs or disbursements. Order modified, on the law, by deleting the provisions which determined that plaintiff's obligation to pay alimony became effective as of May 27, 1980 and which fixed arrears. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. The awards in favor of the defendant wife of $85 per week alimony and a total of $2,500 in counsel fees were valid exercises of the court's discretion (see Domestic Relations Law, § 236, part A, subd 1; § 237). Defendant had no right to exclusive possession of the marital home owned by the plaintiff husband. The economic circumstances of the parties do not compel such result (see *Lerner v Lerner,* 21 AD2d 861; *Rosenstiel v Rosenstiel,* 20 AD2d 71). The trial court also found, by a preponderance of credible evidence, that

the elements of a constructive trust as to certain income-producing realty owned by plaintiff had not been established by defendant. This court will not disturb such determination, since the issue turned upon the credibility of the parties and was thus a matter within the trial court's special competence (see *Prasad v Prasad,* 80 AD2d 828; *Perry v Perry,* 79 AD2d 851). Accordingly, the judgment is affirmed insofar as appealed from. With respect to the order, however, the court erred in holding that the obligation to pay alimony related back to the judgment date. While such payments may be ordered to begin from as early as the time the action was commenced (see *Abrusci v Abrusci,* 79 AD2d 980), the divorce judgment herein specifically ordered that plaintiff's alimony payments should commence "upon service of this [judgment] upon the plaintiff." It is undisputed that defendant's counsel did not serve the judgment upon plaintiff until October 11, 1980. By the terms of the judgment itself, plaintiff's obligation to pay alimony did not commence until that date. In light of this language Special Term erred in holding that, upon service of a copy of the judgment, plaintiff's obligation to pay alimony related back to the judgment date. Accordingly, the matter is remitted to Special Term for recomputation of plaintiff's arrearages from October 11, 1980 until such time as he commenced regular payments. Titone, J. P., Weinstein, O'Connor and Rubin, JJ., concur.