■ JOHN SCATTOREGGIO, Appellant, v YOLANDA SCATTOREGGIO, Respondent.—In an action to recover damages for the conversion of personal property, plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated July 16, 1984, which granted defendant's motion for summary judgment dismissing the complaint.

Order affirmed, with costs.

The parties to the instant action have been divorced since 1977. The judgment of divorce directed that the marital premises be sold but made no provisions with respect to the disposition of the personal property owned by the parties during the marriage. The defendant continued to reside at the marital premises until the time of its sale in August 1982.

In or about October 1982 the plaintiff commenced this action against defendant for the conversion of his personal property having an aggregate market value of $50,000. It was

alleged in the complaint that the parties had an understanding that the marital property of the parties would be divided when the residence was sold. The plaintiff had, moreover, on numerous occasions requested that the personal property acquired during the marriage be divided between the parties. Notwithstanding said requests, the defendant informed the plaintiff that the property had been sold. The defendant, on the other hand, claimed that after her ex-husband left the marital residence in favor of his present wife's apartment, he left "all furniture, paintings, silver and vases" with the clear and express understanding that such property was hers.

Defendant's motion for summary judgment dismissing the complaint was granted. We agree with that disposition although not for the reason advanced by Special Term.

The instant complaint should be dismissed on the ground of res judicata inasmuch as plaintiff's claim was previously resolved against him in the course of his motion in the matrimonial action to determine title to personal property and his subsequent motion for leave to reargue. In addition, we find another basis for invoking the doctrine of res judicata. It has been held in this department that dismissal of an action on the ground of res judicata is warranted where it concerns an issue of title which could have been, but was not, litigated in the prior matrimonial action between the parties (*Rakowski v Rakowski,* 109 AD2d 1; *Marinelli v Marinelli,* 88 AD2d 635, 636; *cf. Booker v Booker,* 96 AD2d 522). As succinctly expressed by Justice Presiding Mangano in his opinion in *Rakowski v Rakowski (supra,* at p 6): "[T]he language of Domestic Relations Law § 234 does not allow litigants to endlessly commence separate actions to adjudicate issues of title which could have been, but were not, raised in a prior matrimonial action".

To deny defendant's motion for summary judgment dismissing the complaint under these circumstances would be to sanction a potentially endless series of separate actions to determine title with regard to the marital property. Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.