OPINION OF THE COURT
Bellacosa, J.
We agree with the Appellate Division that ¿ party to a concluded matrimonial action, who had a full and fair opportunity to contest title to the former marital home, is barred by res judicata principles from subsequently and separately reopening that issue. The discretionary authority reposed in the courts under Domestic Relations Law § 234 is not to the contrary and may not be read as conferring unilateral and unfettered options on parties in this respect. We thus affirm.
Appellant Yvette Boronow, a French citizen, moved to New York from Puerto Rico in 1949 at the age of 18. In June 1956, *287 she returned for two days to Puerto Rico with respondent Eugene Boronow, where they were married. Subsequently, the parties resided in New York and purchased a marital home in Jamaica Estates, Queens County, New York City. Title to the home was taken in Eugene Boronow’s name only. The parties were divorced in February 1977 after an action initiated by Mrs. Boronow, and she was awarded possession of the home. Although title to the property was not decided, Yvette Boronow had submitted an affidavit claiming joint ownership of the home and Mr. Boronow denied that assertion in an answering affidavit. This litigation arose under preequitable distribution laws, where division of marital property could remain unresolved in a manner not permissible today (Domestic Relations Law § 236 [B] [5] [a]), and has been going on since 1976 with multiple proceedings.
In July 1982, Mr. Boronow brought a motion seeking modification of the divorce decree, including possession of the house. In October 1982, the former wife instituted the present action seeking a declaratory judgment that, under principles of Puerto Rican law, a conjugal contract existed between the parties entitling her to one half of the marital estate, including the marital premises, and seeking to impress a constructive trust upon the premises. She alleged that title to the premises was supposed to have been held jointly and that she was deceived by her husband who, without her knowledge and consent, had her name kept off the deed. She moved to consolidate her action with her former husband’s motion to modify; he cross-moved to dismiss on the grounds that she had failed to state a claim and that the action was barred by res judicata, collateral estoppel, and the Statute of Limitations. The Trial Justice denied both the motion to consolidate and the cross motion to dismiss. That court held that Domestic Relations Law § 234 makes resolution of title issues permissive in a divorce action, thus permitting a subsequent plenary action to adjudicate that issue; that a cause of action for constructive trust had been adequately pleaded; and that the moving papers provided an insufficient basis to determine that the action was not timely commenced.
The Appellate Division reversed, finding the action barred by res judicata and by the Statute of Limitations (Boronow v Boronow, 111 AD2d 735). It held that the question of title to the marital premises could have been, but was not, raised and litigated in the prior matrimonial action and that res judicata barred this subsequent action. It added that even if such an *288 action could be maintained, it was barred by the six-year Statute of Limitations (CPLR 213 [1]) which begins to run in a constructive trust case upon the occurrence of the wrongful act. In this case the court ruled that act occurred on August 4, 1965 when Mr. Boronow took, allegedly by fraudulent means, title of the marital home in his name only. Lastly, the Appellate Division found that the laws of Puerto Rico had no pertinency in this case.
Yvette Boronow appeals to this court urging that we adopt the trial court’s view, while Eugene Boronow counters that we should affirm the Appellate Division analysis.
In pertinent part, Domestic Relations Law § 234 provides: "[i]n any action for divorce, for a separation, for an annulment or to declare the nullity of a void marriage, the court may (1) determine any question as to the title to property arising between the parties” (emphasis supplied). Differences have arisen among the departments of the Appellate Division as to whether the statute permits a subsequent and separate litigation of title questions between ex-spouses after a matrimonial action has been finally determined or whether such litigations are barred by res judicata principles (compare, Perry v Perry, 79 AD2d 851; Szabo v Szabo, 71 AD2d 32; Weichold v Weichold, 54 AD2d 1015; with, Scattoreggio v Scattoreggio, 115 AD2d 531; Rakowski v Rakowski, 109 AD2d 1; Marinelli v Marinelli, 88 AD2d 635; see, Scheinkman, Practice Commentary, McKinney’s Cons Law of NY, Book 14, Domestic Relations Law C234:2, at 76).
The Third and Fourth Departments have not allowed res judicata principles to block actions involving questions of title between ex-spouses who failed to raise or litigate the issue in a prior matrimonial action. Reasoning that the statutory language of Domestic Relations Law § 234 is permissive only, they hold that "[fjailure to raise or litigate the title question in the first action does not constitute a waiver or bar of any rights based upon such title” (Perry v Perry, 79 AD2d 851, supra; see also, Szabo v Szabo, 71 AD2d 32, 36, supra [questions of title between ex-spouses should be raised in a separate and plenary action, not in a motion relating back to the divorce decree]; Weichold v Weichold, 54 AD2d 1015, 1016, supra [a separate and plenary action to adjudicate rights as to title may be brought when they were neither litigated nor raised in the matrimonial action]). We reject those holdings and that reasoning.
*289 The Second Department has held, as in the present case, that res judicata bars a subsequent plenary action concerning an issue of marital property which could have been, but was not, raised in the prior matrimonial action (see also, Rakowski v Rakowski, 109 AD2d 1, 5, supra; contra, Foster v Foster, 99 AD2d 284). "[T]he parties had the right to expect that any such matters not there considered were not going to be litigated” (Marinelli v Marinelli, 88 AD2d 635, 636, supra; see also, Scattoreggio v Scattoreggio, 115 AD2d 531, 532, supra ["dismissal of an action on the ground of res judicata is warranted where it concerns an issue of title which could have been, but was not, litigated in the prior matrimonial action”]). In rejecting the opposite view of the other departments, the Second Department has construed the permissive language to apply only to the courts and not the litigants. "[T]he issue of title, if raised, need not be decided by the matrimonial court and can be raised again in a separate plenary action. However, the language of Domestic Relations Law § 234 does not allow litigants to endlessly commence separate actions to adjudicate issues of title which could have been, but were not, raised in a prior matrimonial action” (Rakowski v Rakowski, 109 AD2d 1, 6, supra). In effect, that court concludes that the statutory authorization does not confer a unilateral or unfettered procedural option upon the parties.
The reasoning of Rakowski (supra) is consistent with our interpretation of Domestic Relations Law § 234. In Kahn v Kahn (43 NY2d 203), we observed that the principal reason for the relevant 1962 amendment to Domestic Relations Law § 234 "was to 'make it unnecessary to bring a separate action or proceeding to determine questions relating to who has title to property’ (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations, § 234, p 123 [1964])” (id., at 208-209), and that the legislative history of the amendment establishes that "[i]ts essential purpose was procedural: to permit a court in a marital action to resolve disputes involving possession and title to property arising as an incident to the marital action” (id., at 209). The parties in a matrimonial action are not freed from the obligation to litigate all issues affecting the marriage merely because the courts are empowered by the statutory amendment to procedurally dispose of title issues or make allowance for their consideration in a separate action.
*290 One commentator has noted that the Second Department’s construction of Domestic Relations Law § 234 "is consistent with modern res judicata and collateral estoppel views. Though joinder of claims is generally permissive in civil litigation, all claims arising out of a given transaction or occurrence are barred once any of them is litigated” (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C234:2, at 77, citing Smith v Russell Sage Coll., 54 NY2d 185, rearg denied 55 NY2d 878; O’Brien v City of Syracuse, 54 NY2d 353). In Smith v Russell Sage Coll, (supra), we stated the test in deciding res judicata issues as viewing the "claim or cause of action as 'coterminous with the transaction regardless of the number of substantive theories or variant forms of relief * * * available to the plaintiff ” (id., at 192, citing Restatement [Second] of Judgments § 61, comment a [Tent Draft No. 4 1978]). " 'A "cause of action” may denote one of several separately stated claims in a pleading based on the same congeries of facts but related to different legal theories of recovery. A "cause of action” may also denote a separately stated claim on the same congeries of facts, but for different legal relief ” (id, at 192; Matter of Reilly v Reid, 45 NY2d 24, 29). A claim is coterminous with a transaction from which other claims arise, requiring that it be joined with the litigation of the other claims, if the facts upon which the claims are based " 'are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether * * * their treatment as a unit conforms to the parties’ expectations’ ” (Smith v Russell Sage Coll., 54 NY2d 185, 192-193, supra; citing Restatement [Second] of Judgments §§ 61, 61.1 [Tent Draft Nos. 1, 5]; Matter of Reilly v Reid, supra, at 30).
In a matrimonial action, where the essential objective is to dissolve the marriage relationship, questions pertaining to important ancillary issues like title to marital property are certainly intertwined and constitute issues which generally can be fairly and efficiently resolved with the core issue. The courts and the parties should ordinarily be able to plan for the resolution of all issues relating to the marriage relationship in the single action (Matter of Reilly v Reid, 45 NY2d 24, 28, supra). Insofar as Yvette Boronow had a full and fair opportunity to litigate the title-to-property issue in her divorce action and, in fact, raised the title issue in an affidavit in the divorce action, res judicata was correctly applied by the Appellate Division here. Fragmentation in this area would be particu *291 larly inappropriate and counterproductive because, in addition to sound statutory construction, jurisprudential policy reasons support the result we reach today; that is, a continuation of the relationship and of the conflict among parties to a matrimonial litigation would be particularly perverse and the inevitable cloud on titles should also not be allowed to hang over the alienability of the property.
We need not decide other issues since they are subsumed in the decision on the primary ground.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Hancock, Jr., J., concur; Judge Titone taking no part.
Order affirmed, with costs.