■ Jane Maharam, Respondent, v Robert D. Maharam, Appellant. Jane Maharam, Appellant, v Robert D. Maharam, Respondent.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered April 15, 1991, which, *inter alia,* denied defendant's motion to strike plaintiff's demand for a jury trial with respect to the third and fourth causes of action in her complaint, unanimously modified, on the law, the facts and in the exercise of discretion, to provide that the tort claims shall be determined before the equitable distribution claims, and otherwise affirmed, without costs.

Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered May 16, 1990, which, *inter alia,* denied plaintiff's motion for interim accountant's fees and additional disclosure relating to defendant's interest in a closely held corporation, unanimously modified, on the law, the facts and in the exercise of discretion, to award plaintiff interim accoun-

tant's fees in the amount of $15,000, and otherwise affirmed, without costs.

The parties were married in 1953, and had two children, who are now adults. Plaintiff commenced an action in July, 1983, seeking a divorce (first and second causes of action) and monetary damages resulting from defendant's allegedly having transmitted to her a venereal disease, Herpes Simplex II, commonly known as genital herpes (third and fourth causes of action). By way of statutory procedure that has since been repealed, the marriage was dissolved by judgment of divorce (Gabel, J.), entered February 7, 1984, on the basis of defendant's application for reverse partial summary judgment grounded upon his admission of adultery as alleged in the plaintiff's first cause of action. Plaintiff's requests for economic relief were severed for trial.

Thereafter, the parties engaged in extensive discovery with respect to financial matters, and litigation regarding plaintiff's tort claims. (See, Maharam v Maharam, 123 AD2d 165.) The parties then proceeded with discovery as to the tort claims. The IAS court noted in its decision and order entered May 16, 1990, that defendant had not complied with this court's December 30, 1986 order directing him to furnish a medical authorization to the plaintiff, and we accordingly reject defendant's assertions that the delay in bringing this matter to trial is solely attributable to the plaintiff.

By notice of motion returnable October 24, 1989, plaintiff moved, inter alia, for an order directing the parties to proceed to trial on the equitable distribution and support issues prior to trial of her tort claims against the defendant, which would be triable before a jury. Defendant cross-moved to have all the issues tried before a single Judge without a jury, with the tort claims tried first. By order and decision entered May 16, 1990, the IAS court, noting that there was no New York case authority addressing the joinder of tort claims in a matrimonial action, ruled that plaintiff's tort claims would be tried together with the equitable distribution and support issues ancillary to the matrimonial action, and denied as premature her application to have a jury trial of her tort claims, without prejudice to her serving a demand for a jury trial with the note of issue.

On December 10, 1990, defendant served a note of issue, plaintiff filed a demand for a jury trial on her tort claims, and defendant moved to strike plaintiff's demand for a jury trial. By order entered April 15, 1991, the Supreme Court denied defendant's motion to strike plaintiff's demand for a jury trial

on the ground that the tort issues, and the equitable distribution and support issues, did not arise from the same transaction, and thus plaintiff had not waived her right to a trial by jury of the tort issues, pursuant to CPLR 4102 (c). *(See, Fleischer v Institute for Research in Hypnosis,* 57 AD2d 535; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4101.36.)

We agree with the Supreme Court's determination that a joint trial be held *(see, Kelley v Galina-Bouquet, Inc.,* 155 AD2d 96), but we believe that the court should not have left unresolved the order of the determinations to be made at trial, given that both parties sought a ruling on that issue. It is clear that before making an equitable distribution award, the court will have to take into account the resolution of the plaintiff's tort claims, as a substantial award thereunder would have a significant impact upon "the probable future financial circumstances of each party" (Domestic Relations Law § 236 [B] [5] [d] [8]). Accordingly, the order entered April 15, 1991 is modified to provide that while the issues are to be tried jointly, the jury shall first render a verdict upon plaintiff's tort claims, and the court shall thereafter determine the plaintiff's equitable distribution and support claims. We recognize that if plaintiff is successful in her tort action, the defendant would be paying damages to the plaintiff with funds that later may be determined to have been, in part, marital property. However, as a joint trial has been ordered, the court will have the opportunity to take this factor into account when rendering an equitable distribution award.

We now address plaintiff's motion for further discovery and for interim accountant's fees. In its order entered May 16, 1990, the court granted plaintiff's motion seeking discovery of purchases and investments made by the defendant after entry of the divorce judgment, but denied her motion for further discovery referable to the appreciation of defendant's interest in Maharam Fabric Corp., which he sold in 1983, and as to which there had already been substantial discovery conducted. We find no abuse of discretion in this determination, but in view of the vast discrepancy in funds available to each of the parties for prosecution of this case (defendant is a millionaire, whereas the plaintiff has only $2,600 in savings, and her other funds are being held in escrow), the court should have awarded the plaintiff interim accountant's fees in the amount of $15,000. This interim fee will surely be taken into account in the equitable distribution award, and merely represents an advance of funds necessary to allow the plaintiff to efficiently analyze and present evidence involving complex and substan-

tial financial transactions and holdings. *(See, Baker v Baker,* 120 AD2d 374, 376; *Purdy v Purdy,* 117 AD2d 659, 661.) Concur—Carro, J. P., Wallach, Kupferman, Asch and Kassal, JJ.