[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT PATRICK DELAHUNTY'SMOTION FOR SUMMARY JUDGMENT AS TO THE COMPLAINT
On January 31, 1992, the plaintiff, Karen Delahunty, filed a complaint against three defendants: Massachusetts Mutual Life Insurance Company (Mass. Mutual), Vincent A. Clements, Jr., an insurance agent, and Patrick Delahunty (defendant).
The defendant is the former husband of the plaintiff. Their dissolution of marriage trial was held at the Superior Court for the Judicial District of Hartford/New Britain at Hartford on January 4, 1990[1].
The fifth and eighth counts of the plaintiff's complaint are the sole counts directed at the defendant and allege that: (1) the defendant tortiously interfered with the contractual relationship between the plaintiff and her insurer, Mass. Mutual; (2) the defendant defrauded the plaintiff of the proceeds of an insurance policy; and (3) the defendant wrongfully received the money for his own purposes. The plaintiff's prayer for relief requests compensatory damages, punitive damages, treble damages, double damages, and costs.
On April 20, 1992, the defendant filed his answer denying the plaintiff's allegations and eight special defenses[2]. On June 21, 1994, the defendant filed a motion for summary judgment, accompanied by portions of the transcript of evidence from the dissolution of marriage trial, the transcript of the 63 page orally delivered memorandum of decision by State Trial Referee John D. Brennan, and a memorandum of law. The defendant argues that all issues surrounding the insurance policy proceeds were fully heard and litigated at the dissolution proceeding between the plaintiff and the defendant, and therefore, the present cause of action is barred by the doctrine of res judicata.
The plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment on July 6, 1994. CT Page 12351
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994), quoting Practice Book § 384. The moving party "has the burden of showing the absence of any genuine issue as to all material facts which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Id. In deciding a motion for summary judgment, the trial court must view the evidence "in the light most favorable to the nonmoving party and he is given the benefit of all favorable inferences that can be drawn." (Citations omitted; internal quotation marks omitted.) Catz v. Rubenstein, 201 Conn. 39, 49,513 A.2d 98 (1986). "The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp. , supra, 229 Conn. 105-06. "`[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party.'"Whitney Avenue Corp. v. Heritage Canal Development Associates,33 Conn. App. 563, 566, 636 A.2d 1377 (1994), quoting Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
Where a party's claim is barred by res judicata, the opposing party is entitled to a summary judgment. See Duhaime v. AmericanReserve Life Ins. Co., 200 Conn. 360, 363, 511 A.2d 333 (1986).
"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." (Citations omitted; internal quotation marks omitted.) Orselet v. DeMatteo, 206 Conn. 542,544, 539 A.2d 95 (1988).
Courts follow one of two rationales in determining whether a victim spouse will be allowed to litigate an interspousal tort claim subsequent to a divorce action between the parties: the "different causes of action" approach and the "transactional test" approach. Hutchings v. Hutchings, 8 Conn. L. Rptr. 433, 434 (1993). Connecticut courts have adopted the "transactional test" of the Restatement (Second), Judgments (1982). CT Page 12352Orselet v. DeMatteo, supra, 206 Conn. 545. Courts following the transactional test "reason, in essence, that an action for divorce and a tort claim both evolve from a common factual nucleus and raise interrelated economic issues that should be resolved in a single proceeding." Hutchings v. Hutchings, supra, 434. "They view the parties and their marital relationships as the appropriate basic unit of litigation, not the different legal theories that can be placed on events that occurred during the marriage." Id.
"When a valid and final personal judgment is rendered in favor of the plaintiff: (1) the plaintiff cannot thereafter maintain an action on the original claim or any part thereof. . . ." (Internal quotation marks omitted.) Orselet v. DeMatteo, supra, 206 Conn. 545, quoting Restatement (Second) Judgments § 18. "[W]hen the plaintiff recovers a valid and final personal judgment, his original claim is extinguished and rights upon the judgment are substituted for it." Id., quoting Restatement (Second) Judgments § 18, comment (a). "The plaintiff's original claim is said to be merged into the judgment." Id., quoting Restatement (Second) Judgments § 18, comment (a).
The "original claim" as defined by Restatement (Second) Judgments § 24(1) includes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) Judgments § 24(1); see Duhaimev. American Reserve Life Ins. Co., 200 Conn. 360, 364, 511 A.2d 333
(1986). "This test measures the preclusive effect of an earlier judgment, and will exclude not only claims which were asserted, but also those which could have been asserted." Duhaime v. AmericanReserve Life Ins. Co., supra, 364.
In support of his motion for summary judgment the defendant filed a certified transcript of the cross-examination of Patrick Delahunty at the dissolution proceeding. At this proceeding, the defendant was cross-examined regarding the details of the transaction upon which the present case is founded. The defendant gave testimony concerning the final destination of the proceeds of the insurance check, the genuineness of the endorsement on the insurance check, and the validity of the negotiation of the insurance check. The plaintiff's attorney then submitted the actual insurance check into evidence as an offer of proof that the signature on the check was not that of the plaintiff and that the plaintiff never received the proceeds of the check. It is obvious from the transcript that the plaintiff was making a claim for those CT Page 12353 proceeds.
Following the offer of the insurance check by counsel for the plaintiff, the following occurred:
"MR. FRAUENGLASS: I'd offer this, Your Honor.
MR. SOLOMON: Relevance.
 THE COURT: Well, I think it's being offered to show that money which would appear to have been — belonged to the plaintiff never got to her, is that —
 MR. FRAUENGLASS: That's correct, Your Honor. And that the signature was not hers and that he did this in July of `87, and the Court heard —"
Exhibit 1, page 10.
The court in the dissolution action held that on the basis of "all the evidence" the defendant was more at fault for the breakdown of the marriage than was the plaintiff. Accordingly, the court apportioned the marital assets, awarding 54% to the plaintiff and 46% to the defendant.
In her memorandum in opposition to the motion for summary judgment the plaintiff cites a number of cases referred to by the court (Dranginis, J.) in Hutchings, supra. Of course, these cases were included in that decision as examples of jurisdictions which follow the "different causes of action" analysis, as compared with the "transactional" test. As pointed out above, Connecticut has adopted the "transactional" test.
The plaintiff also includes in her memorandum an extensive quotation from one of the cases cited by her in support of her claim that an interspousal tort claim will survive a dissolution of marriage action. In that case, Heacock v. Heacock, 402 Mass. 21,520 N.E.2d 151 (1988), the tort involved a physical assault on the wife by the husband, after they were separated but not yet divorced, causing very serious physical injuries to the wife, including traumatic epilepsy. Evidence of the assault and of the injuries was presented in the divorce action, but no claim concerning money damages was presented. That was the context in CT Page 12354 which the Massachusetts court allowed the subsequent tort action to proceed.
In Heacock, supra, the court explained the distinction between tort claims and divorce actions, thereby justifying the allowance of a subsequent tort action in the following language.
 A tort action is not based on the same underlying claim as an action for divorce. The purpose of a tort action is to redress a legal wrong in damages; that of a divorce action is to sever the marital relationship between the parties, and, where appropriate, to fix the parties' respective rights and obligations with regard to alimony and support, and to divide the marital estate.
(Emphasis added.)
Heacock, supra, 153.
It would seem that even in Massachusetts, in a case where the plaintiff claims in a dissolution action that certain specified sums, which are part of the assets of the marital estate, belong to her, which is the situation in the case at bar, the court might be inclined not to follow the reasoning of Heacock.
As was pointed out by Judge Dranginis in Hutchings, many jurisdictions, in addition to Connecticut, apply the so-called "transactional test".
 A significant minority of courts, however, do not concur in the `different causes of action' analysis. Rather, applying the `same transaction' test (see Restatement (Second) of Judgments § 24(1)(1982)), they hold that a subsequently filed interspousal tort action is barred by res judicata. Smith v. Smith, 530 So.2d 1389 (Sup.Ct.Ala. 1988); Kemp v. Kemp, 723 S.W.2d 138 (Ct.App.Tenn. 1986); Tevis v. Tevis, 79 N.J. 422, 400 A.2d 1189, 1196
(1979). Cf. Boronow v. Boronow, 71 N.Y.2d 284, 519 N.E.2d 1375, 525 N.Y.S.2d 179 (1988) (ex-spouse generally precluded from raising questions of title to property in a subsequent action if full and fair opportunity to CT Page 12355 litigate those questions in the divorce action); Partlow v. Kolupa, 122 App.Div.2d 509, 504 N.Y.S.2d 870 (1986), aff'd mem. 69 N.Y.2d 927, 509 N.E.2d 327, 516 N.Y.S.2d 632 (1987) (subsequent conversion action filed by wife barred by divorce judgment); Davis v. Dieujuste, 496 So.2d 806 (Fla.Sup.Ct. 1986) (property rights).
Hutchings, supra, 434.
The reasoning of those cases which apply the transactional test is such that it is likely that even if the plaintiff had not made a claim for the insurance policy funds in the dissolution action, she could be barred from bringing the instant action. However, that possibility need not be considered because in this case the plaintiff did in fact make such a claim.
The court finds that there is no genuine issue of material fact with respect to any factual issue relevant to the first special defense alleging res judicata. In the prior dissolution action the plaintiff made a claim for ownership of the proceeds of the insurance policy and offered evidence about the circumstances by which the funds came into the possession of the defendant. The court will presume that Judge Brennan gave that evidence the weight he felt it was entitled to receive in determining both responsibility for the breakdown of the marriage and in the apportionment of the marital assets. The issues surrounding the insurance policy were heard and litigated, making the prior dissolution proceeding the proper forum for all causes of action arising out of this transaction. Thus, the doctrine of res judicata bars all claims that were brought or could have been brought at the prior proceeding regarding the claim which is the subject of the case at bar.
Accordingly, the defendant Patrick Delahunty's motion for summary judgment on the plaintiff's complaint is granted.
Hadden, J.