[783 NYS2d 394]

# Xiao Yang Chen, Appellant, v Ian Ira Fischer, Respondent.

Second Department, October 25, 2004

**APPEARANCES OF COUNSEL**

*Paul Grobman*, New York City, for appellant.

*Bleakley Platt & Schmidt*, White Plains (*Robert D. Meade* of counsel), for respondent.

**OPINION OF THE COURT**

LUCIANO, J.

This action brought by Xiao Yang Chen (hereinafter Chen) seeks to recover damages for personal injuries she allegedly sustained at the hands of her former husband, Ian Ira Fischer (hereinafter Fischer) during their marriage. The issue presented is whether the parties' judgment of divorce, dated May 8, 2002, bars Chen from maintaining this action, based on Fischer's tortious acts alleged to have occurred during the marriage.

The parties were married on March 11, 2001. On June 8, 2001, after 89 days of marriage, Fischer instituted an action for divorce against Chen, alleging as the ground therefor, cruel and inhuman treatment. In July 2001, Chen interposed counterclaims in the matrimonial action, also seeking a divorce on the ground of cruel and inhuman treatment, and additionally asserting a cause of action seeking damages for fraud.

On October 15, 2001, the parties entered into a stipulation settling their respective claims for divorce, pursuant to which each withdrew their allegations of cruel and inhuman treatment against the other, except for one relatively benign such allegation, with the result of a dual divorce being granted to the parties.

A trial ensued on the remaining issues, including equitable distribution and Chen's claim of fraud. On May 8, 2002, a reciprocal judgment of divorce was granted to both parties, on the ground of cruel and inhuman treatment. Chen's fraud cause of action was dismissed for failure of proof.

Prior to the granting of the reciprocal divorce, but subsequent to the parties' stipulation of settlement in the matrimonial action resolving the issue of fault and the commencement of the trial of the remaining issues in that action, Chen allegedly instituted the instant action on January 18, 2002, seeking to recover damages for personal injuries. The original pleadings in this action are not included in the record on appeal. Instead, the record contains Chen's second amended complaint, dated May 10, 2002, and Fischer's answer thereto.

Chen's second amended complaint asserts two causes of action, the first seeking to recover damages for intentional inflic-

tion of emotional distress, alleging, inter alia, that during the marriage Fischer repeatedly accused her of being unfaithful, threatened to lock her out of the marital home, refused to allow her to socialize with friends, physically and emotionally abused her for refusing to engage in sexual relations with him, referred to her as a slave and demanded subservience from her, and filed a false police report against her. The second cause of action seeks damages for assault and battery and alleges, inter alia, that Fischer slapped her on the face and ear.

Fischer's answer to the second amended complaint pleads, as an affirmative defense, inter alia, that the action is barred by res judicata, because Chen made substantially the same factual allegations in her counterclaim for divorce on the ground of cruel and inhuman treatment within the matrimonial action, and withdrew all but one of those allegations in the stipulation of settlement, without expressly reserving any rights to make those assertions in a later separate action.

The Supreme Court determined that Chen's personal injury action was barred by the doctrine of res judicata, more specifically claim preclusion, noting that the relief sought was predicated on virtually identical factual transactions that were at issue in the matrimonial action, and dismissed the complaint. We now affirm that determination.

In New York, spouses were not permitted to maintain tort actions against each other until 1937, when the Legislature abolished spousal immunity for torts. The statute is currently embodied in General Obligations Law § 3-313 (2), which provides, in pertinent part, as follows:

> "A married woman has a right of action against her husband for his wrongful or tortious acts resulting to her in any personal injury . . . or resulting in injury to her property, as if they were unmarried, and she is liable to her husband for her wrongful or tortious acts resulting in any such personal injury to her husband or to his property, as if they were unmarried."

Despite the abolition of interspousal immunity for torts, New York does not recognize a cause of action to recover damages for intentional infliction of emotional distress between spouses such as the one asserted by Chen in her first cause of action against Fischer (*see Weicker v Weicker*, 22 NY2d 8, 11 [1968] ["strong policy considerations militate against" permitting recovery for intentional infliction of emotional distress in "the

factual context of a dispute arising out of matrimonial differences"]; *Nacson v Semmel,* 292 AD2d 432 [2002]; *Eller v Eller,* 136 AD2d 678, 679 [1988]; *Wiener v Wiener,* 84 AD2d 814 [1981]). Chen's second amended complaint does, however, state a cause of action against Fischer to recover damages for assault and battery (*see Kalra v Kalra,* 149 AD2d 409 [1989]).

Pursuant to CPLR 601 (a), "[t]he plaintiff in a complaint or the defendant in an answer setting forth a counterclaim or cross-claim may join as many claims as he [or she] may have against an adverse party." Under this rule of permissive joinder, and because the Supreme Court has original jurisdiction empowering it to hear and resolve both legal and equitable claims, a spouse may join a tort claim with an action for divorce (*see* NY Const, art VI, § 7; *Maharam v Maharam,* 177 AD2d 262 [1991]).

We note, however, in *Boronow v Boronow* (71 NY2d 284, 286 [1988]), the Court of Appeals held that "a party to a concluded matrimonial action, who had a full and fair opportunity to contest title to the former marital home, is barred by res judicata principles from subsequently and separately reopening that issue." This view was considered consistent with the modern application of the doctrine of res judicata, which tempers the rule that joinder of claims is permissive by recognizing that all claims arising out of a transaction or occurrence are barred once any of them is actually litigated.

> "In a matrimonial action, where the essential objective is to dissolve the marriage relationship, questions pertaining to important ancillary issues like title to marital property are certainly intertwined and constitute issues which generally can be fairly and efficiently resolved with the core issue. The courts and the parties should ordinarily be able to plan for the resolution of all issues relating to the marriage relationship in the single action . . . Fragmentation in this area would be particularly inappropriate and counterproductive . . . [A] continuation of the relationship and of the conflict among parties to a matrimonial litigation would be particularly perverse and the inevitable cloud on titles should also not be allowed to hang over the alienability of the property" (*Boronow v Boronow, supra* at 290-291).

It is clear, therefore, that interspousal tort actions relating to title to property, commenced subsequent to and separate from

an action for divorce, are precluded by the doctrine of res judicata, on the theory that the issues could have been litigated in the prior divorce action between the parties (*see Partlow v Kolupa,* 69 NY2d 927 [1987] [subsequent action for conversion barred]; *Scattoreggio v Scattoreggio,* 115 AD2d 531 [1985]; *Rakowski v Rakowski,* 109 AD2d 1 [1985] [action to impose constructive trust]).

Societal needs, logic, and the desirability of bringing spousal litigation to finality now compel us to expand upon the rule espoused in these cases, and hold that an interspousal tort action seeking to recover damages for personal injuries commenced subsequent to, and separate from, an action for divorce is likewise barred by claim preclusion.

We are cognizant that, unlike the equitable nature of the division of marital property in a divorce action, the aims of a tort claim are the assignment of fault and the award of damages. Marital fault, however, is relevant in New York divorce actions, and, indeed is even relevant to the issue of equitable distribution in instances where it is found to be egregious enough to warrant its consideration (*see Havell v Islam,* 301 AD2d 339 [2002]). It is, therefore, reasonable to expect a spouse to assert a cause of action seeking to recover damages for personal injuries caused by the actions or course of conduct of his or her spouse during the marriage within the divorce action, where the same tortious activity would constitute grounds for divorce.

Furthermore, we agree with the reasoning of the Supreme Court of New Jersey that a spouse's "civil claims for monetary compensation against [his or her spouse], and [the] contingent liability therefor, would seem a relevant circumstance affecting the parties' financial status in the context of a matrimonial controversy" (*Tevis v Tevis,* 79 NJ 422, 433-434, 400 A2d 1189, 1196 [1979]). As such, a tort action seeking recovery for personal injuries sustained during the marital relationship should be brought in conjunction with an action for divorce between the parties, "in order to lay at rest all their legal differences in one proceeding and avoid the prolongation and fractionalization of litigation" (*Tevis v Tevis,* 79 NJ at 434, 400 A2d at 1196, *supra*).

This case presents a particularly fitting example of the factual overlap between an action for divorce and an action, inter alia, to recover damages for personal injuries, since Chen's allegations of cruel and inhuman treatment in the divorce action were virtually identical to her allegations in this tort action, alleging intentional infliction of emotional distress, and assault

and battery. Viewed then, under the transactional test employed to decide res judicata issues, once Chen's claim for divorce became final, all other claims and causes of action arising out of the same series of transactions were properly determined to be barred (*see O'Brien v City of Syracuse,* 54 NY2d 353 [1981]). Ineluctably, although the actions were based on different legal theories, to wit, cruel and inhuman treatment in the divorce action, and intentional infliction of emotional distress and assault and battery in the personal injury action, and sought different remedies—divorce versus damages, the causes of action were "nevertheless . . . grounded on the same gravamen of the wrong upon which the action is brought, and [therefore] disposition of one such cause of action precludes assertion of the other[ ]" (*Matter of Bauer v Planning Bd. of Vil. of Scarsdale,* 186 AD2d 129, 130 [1992]). The fundamental principles which underlie the doctrine of res judicata are furthered by its application in this circumstance. "*Res judicata* is designed to provide finality in the resolution of disputes to assure that parties may not be vexed by further litigation . . . Considerations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation" (*Matter of Reilly v Reid,* 45 NY2d 24, 28 [1978]). To permit a party who alleged cruel and inhuman treatment as a ground for divorce to pursue, after the divorce has been granted, an action against his or her former spouse seeking damages for personal injuries based on the same conduct at issue in the divorce action, would violate the societal policy of proscribing parties from litigating related matters in a piecemeal fashion.

A contrary rule, moreover, would engender instances where the potential liability of the tortfeasor and award to the injured spouse are not considered in the distribution of the marital property. A party who has obtained a judgment of divorce is entitled to be secure that all issues relating to events which occurred during the marriage have been finally resolved without the threat of an ever-present mythical "Sword of Damocles" suspended over his or her head. This conclusion is supported by the forceful rule that "a final judgment of divorce issued by a court having both subject matter and personal jurisdiction has the effect of determining the rights of the parties with respect to every material issue that was actually litigated or might have been litigated" (*Rainbow v Swisher,* 72 NY2d 106, 110 [1988]). Indeed, "[w]hile strong public policy considerations favor finality in the resolution of disputes of all kinds to assure that par-

ties will not be vexed by further litigation (*see Matter of Reilly v Reid,* 45 NY2d 24, 28 [1978]), nowhere is the 'salutary doctrine against prolonging strife' (*Reed v Allen,* 286 US 191, 199 [1932]), more critical than in divorce proceedings" (*Merrill Lynch, Pierce, Fenner & Smith v Benjamin,* 1 AD3d 39, 40 [2003]).

Although not relevant to the instant appeal since the complaint seeking to recover damages for personal injures is being dismissed, we recognize that today's holding has the potential to complicate divorce litigation. Courts, however, have the inherent authority to order causes of actions severed if it is deemed necessary under the circumstances (*see* CPLR 603). As a general matter, we endorse the procedure set forth in *Maharam v Maharam* (177 AD2d 262 [1991], *supra*), in which a joint trial was ordered on the tort and divorce causes of action, with a jury to first consider the tort claims, and the court thereafter, in making its equitable distribution determination, to consider any money awarded on the tort claim when making such equitable distribution.

As a final matter, we address Chen's remaining arguments, both of which relate to the res judicata issue. First, Chen emphasizes that when she stipulated to withdraw all but one allegation of cruel and inhuman treatment in her counterclaim in the divorce action, she did not expressly state that she did so "with prejudice." We do not, however, find this fact controlling because Fischer is not seeking here to bind Chen to her withdrawal of those allegations. Rather, he is invoking the doctrine of res judicata based on her failure to expressly assert the tort claim in the divorce action. Chen's election, within the divorce action, to withdraw the factual allegations upon which she subsequently based her tort claims does not change the reality that she had a full and fair opportunity to litigate all issues pertaining to those factual allegations within the divorce action. She chose, however, not to interpose the personal injury claim. The raison d'etre of res judicata is to preclude a party from relitigating not only those issues which were actually already litigated, but also those that could have been litigated. In order to preserve her right to sue for personal injuries, Chen was required to expressly reserve her right to pursue the claim in a separate action (*cf. Harris v Melander,* 61 AD2d 1058 [1978]; *Stoner v Culligan, Inc.,* 32 AD2d 170 [1969]).

Second, Chen contends that res judicata does not apply because Fischer acquiesced in her decision to interpose the claim for personal injuries separately from her counterclaim for

divorce. In that regard Chen asserts that she commenced the personal injury action before the divorce action was concluded. We recognize that where a party simultaneously maintains two separate actions with respect to the same claim, and the defendant does not object to the maintenance of either action on the ground that the other action is pending, the defendant may be found to have acquiesced in the plaintiff's splitting of the claim (*see Brown v Lockwood,* 76 AD2d 721, 740-741 [1980]).

We cannot determine on this record, however, that Fischer acquiesced in Chen's maintenance of the action seeking to recover damages for personal injuries while the divorce action was still pending. Thus, while Chen claims in her brief that the original complaint in the personal injury action was served on Fischer on January 25, 2002, neither that complaint nor the answer to it is included in the record. Additionally, it cannot be gleaned from the record whether Fischer interposed an answer to the original complaint before the judgment of divorce was rendered on May 8, 2002, and whether, if he did, the answer included objections based on the pendency of the divorce action which included the same claim.

What is included in the record is Chen's second amended complaint, dated May 10, 2002 (after the divorce judgment was rendered), and Fischer's answer to the second amended complaint, in which he raises the doctrine of res judicata as an affirmative defense based on the divorce judgment. On this record, therefore, Chen failed to establish that Fischer waived the affirmative defense regarding the right to object to the maintenance of the second action seeking to recover damages for personal injuries, by acquiescence.

Accordingly, the order should be affirmed, with costs.

ALTMAN, J.P., FLORIO and MASTRO, JJ., concur.

Ordered that the order is affirmed, with costs.