18-1307-cv
Levin v. Barone

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-----------------------------------------------------------------

EVA LEVIN,

*Plaintiff-Appellant,*

v.                                                          No. 18-1307-cv

ROBERT BARONE,

*Defendant-Appellee.*

-----------------------------------------------------------------

FOR APPELLANT:     Eva Levin, *pro se*, New York, NY.

FOR APPELLEE:     Michael L. Walker, Law Offices of Michael L. Walker, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Eva Levin, a Swedish citizen proceeding pro se, appeals from the grant of summary judgment by the District Court (Nathan, J.) in favor of Levin's former husband, Robert Barone, which resulted in the dismissal of Levin's claim to enforce an Affidavit of Support (Form I-864) under the Immigration and Nationality Act.   See 8 C.F.R. § 213a.2(a), (b).   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Here, Barone initiated a divorce proceeding against Levin in New York State court.   After a bench trial, the State court entered a judgment of divorce in which it held that Levin would receive no further maintenance from Barone.

Having stayed its action while the divorce proceeding was pending in State court, the District Court concluded that Levin's I-864 support claim was barred by res judicata.

The District Court correctly applied New York law to determine the preclusive effect of New York State court judgments. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 93 (2d Cir. 2005); 28 U.S.C. § 1738. Under New York law, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (quotation marks omitted). New York law bars "a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). To determine whether claims arise from the same factual grouping under New York law, we consider "'[1] whether the facts are related in time, space, origin, or motivation, [2] whether they form a convenient trial unit, and [3] whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" Xiao Yang Chen v.

3

Fischer, 6 N.Y.3d 94, 100–01 (2005) (quoting Restatement [Second] of Judgments § 24 (2) (Am. Law Inst. 1982)).

The only contested issue on appeal is whether Levin's Form I-864 claim was or could have been raised in the State court action. Applying the three New York factors, we agree with the District Court that Levin's claim could have been raised in the divorce proceedings, and that the claim was therefore barred by res judicata. The underlying facts of both lawsuits are related in time and motivation. In both proceedings, Levin sought support for the years she lived with, was married to, and was separated from Barone, in addition to future support. The underlying facts also form a convenient trial unit. The support obligations set forth in the Affidavit of Support could easily have been considered along with other support obligations arising from the marriage. Form I-864 financial obligations have been enforced in New York State court divorce proceedings, see Moody v. Sorokina, 830 N.Y.S.2d 399, 401–02 (4th Dep't 2007), and New York courts have expressed a preference for "the resolution of all issues relating to the marriage relationship," including all "important ancillary issues" such as support, to be determined in a single matrimonial action,

*Boronow v. Boronow*, 71 N.Y.2d 284, 290 (1988).   Lastly, with respect to whether treatment of the facts as a unit conforms to the parties' expectations, we note that Levin mentioned the federal court action in her state court divorce filings, although she did not explicitly suggest that the State court also consider her I-864 claim.

We have considered Levin's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5