■ Joseph Imbriale, Appellant, v Marie Imbriale, Respondent. — In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Duberstein, J.), dated January 13, 1983, as granted the application of the defendant wife to vacate a default judgment of ·divorce of the same court, dated July 20, 1981. ¶ Order affirmed insofar as appealed from, without costs or disbursements. ¶ Under the circumstances of this case, we conclude that Special Term did not abuse its discretion by granting the application of the defendant to vacate the default judgment of divorce entered in favor of the plaintiff. The default judgment of divorce does not make proper provision for maintenance, child support, equitable distribution of the marital property, and does not resolve the issue of whether exclusive occupancy of the marital residence should be awarded to defendant and the parties' minor children. The defendant should be afforded an opportunity to be heard before the final economic relief is formulated. Lazer, J. P., Gibbons and Niehoff, JJ., concur.

Mangano, J., dissents and votes to reverse the order appealed from and remit the matter to the Supreme Court, Kings County, for a hearing in accordance with the following memorandum. ¶ The sole basis of defendant's motion to vacate a default judgment of divorce dated July 20, 1981, as evidenced by her motion papers and the colloquy at Special Term on December 20, 1982, the return date of the motion, was the claim that she had not been personally served with a summons and complaint and that the court therefore lacked jurisdiction to enter the default judgment against her (CPLR 5015, subd [a], par 4). Under these circumstances, it was error for Special Term to have granted the motion on a different ground than that raised in the moving papers, i.e., that the defendant was never notified of the actual date that the case would appear on the Uncontested Matrimonial Calendar. In· any event, the defendant was not entitled to notice of the date of the inquest in view of the fact that she had not appeared in the action and less than one year elapsed since her default (see CPLR 3215, subd [f], par 1). ¶ However, the matter should be remitted to Special Term for a hearing, in view of the closely contested factual dispute regarding service of process upon the defendant in this matrimonial action (*Halvorsen v Halvorsen,* 88 AD2d 581).