■ ROBERT J. FRASCA, Appellant, v SUZANNE J. FRASCA, Respondent.—In an action, *inter alia*, for reformation of a separation agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated February 11, 1986, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff and the defendant were married in 1962. On December 1, 1976, they executed a separation agreement by which, *inter alia*, the plaintiff agreed to pay the defendant $300 per month in alimony until the death of either party or the defendant's remarriage. By article XII of the agreement, the parties provided that the plaintiff's obligation to pay alimony would not be diminished "regardless of whatever income the [defendant] may now, or hereafter, have, or the source thereof, or whether earned or unearned". The parties were divorced by judgment granted by the Supreme Court, Nassau County, in January 1979, which, the plaintiff alleges, provides for survival of the separation agreement.

The plaintiff commenced this action in September 1985. By the first cause of action, he seeks reformation of the 1976 separation agreement on the ground of mutual mistake, so as to include in it a provision which entitles the plaintiff to terminate alimony payments if the defendant habitually lives with another man and holds herself out as his wife. By his second cause of action, the plaintiff seeks a declaration that the defendant is habitually living with another man and is holding herself out as his wife, and a concomitant declaration that enforcement of the alimony provisions of the judgment of divorce is barred by Domestic Relations Law § 248. By the

third cause of action, the plaintiff seeks modification of the judgment of divorce because of the defendant's "improved" financial circumstances.

The Supreme Court properly concluded that the plaintiff's first cause of action is barred by the six-year Statute of Limitations (CPLR 213 [2]; *Davis v Davis,* 95 AD2d 674). The plaintiff purports to have relied on certain wrongful conduct of the defendant in failing to commence suit within the Statute of Limitations. This is without merit since that conduct ceased to be operational in 1979, well before expiration of the period of limitation *(Simcuski v Saeli,* 44 NY2d 442; *Demille v Franklin Gen. Hosp.,* 107 AD2d 656, *affd* 65 NY2d 728). But while the second and third causes of action were properly dismissed, we do not agree with the Supreme Court that those causes of action are also time barred.

Because the plaintiff's second cause of action for declaratory relief is premised on the defendant's alleged current habitual cohabitation with another man while holding herself out as his wife, it is not time barred. Declaratory relief is nonetheless a discretionary remedy which should be granted only where necessary to serve some useful purpose of the parties *(Walsh v Andorn,* 33 NY2d 503, 507, *rearg granted* 34 NY2d 755).* Here, the defendant's right to receive alimony terminates only upon either party's death or the defendant's remarriage. The defendant's current living arrangements are thus contractually irrelevant *(see, Leffler v Leffler,* 50 AD2d 93, *affd* 40 NY2d 1036) and a declaration as to whether those arrangements bar enforcement of the spousal support provisions of the judgment of divorce would have no effect on the contractual right *(cf., Culp v Culp,* 117 AD2d 700). In dismissing the second cause of action, the Supreme Court should have specified that declaratory relief was neither necessary nor useful.

The plaintiff's cause of action for modification of the judgment of divorce on the ground that the defendant currently enjoys improved financial circumstances, like the second cause of action, should have been raised by a postjudgment application in the matrimonial action (Domestic Relations Law § 236 A; § 248). While error as to form of proceeding does not alone mandate dismissal of either of the latter causes of action (CPLR 103), neither is meritorious so as to warrant conversion to the proper form. The separation agreement plaintiff annexes to his complaint makes clear that the plaintiff is obligated to pay alimony until the death of either party or the defendant's remarriage. It is also clear that the obligation is to continue unchanged notwithstanding any increase in the

defendant's income and regardless of its source (CPLR 3211 [a] [7]).

We have considered the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.