OPINION OF THE COURT
Sidney Leviss, J.
This is a postdivorce motion by defendant to (1) modify the judgment of divorce obtained on movant’s default on March 12, 1982 by "equitably distributing the marital property of the parties”, (2) enjoin plaintiff from transferring assets including the former marital premises and (3) disclose assets.
In March 1981 plaintiff instituted an action for divorce by service of a summons with notice. A notice of appearance was served in April and in September a verified complaint was served. Defendant wife commenced a separate action for divorce in June 1981 in which the instant plaintiff served a *1014 notice of appearance. Neither side requested equitable distribution. The assets at issue here are the former marital premises which is in plaintiffs name and plaintiffs pension. Defendant’s action was not prosecuted. No answer was served in plaintiffs action, which was processed as an uncontested matrimonial, referred to a Referee and a judgment entered on March 12, 1983 based on the Referee’s report.
It should be noted that this motion, made five years later, is not one to vacate defendant’s default. (See, Imbriale v Imbriale, 102 AD2d 881.) Even were the court to deem it so, defendant offers no sufficient basis for vacatur stating only that she was unaware of the progress of plaintiffs divorce action and even unaware that her attorney had instituted an action for divorce on her behalf or had written plaintiffs attorney outlining the terms of a settlement which was the basis for the March 12 judgment. Finally, although movant states that she was not served with the judgment of divorce there is proof that plaintiff was at least served with the proposed judgment.
Instead movant appears to argue that since neither side put the issue before the court, equitable distribution can still be sought. The court does not agree. Neither Domestic Relations Law § 236 (B) (5) (a) nor the comment in Boronow v Boronow (71 NY2d 284, 287), citing the statute, that division of marital property under preequitable distribution laws could remain unresolved "in a manner not permissible today” casts on the court an independent and continuing duty to equitably distribute assets under the particular circumstances of the instant case. McKoy v McKoy (120 Misc 2d 83) does not help defendant since in her own action she did not request such ancillary relief. Nor does Imbriale v Imbriale (supra) require a different result since the instant judgment unlike Imbriale provided for exclusive possession of the marital premises by defendant until the youngest child was 18 years old (which has occurred) and further directed plaintiff to pay the mortgage, taxes, insurance, utilities, etc.
Finally, having accepted the benefits of the judgment for over five years, there is no basis on which to vacate or modify it.
Accordingly, the motion is denied.