■ JOSEPHINE GREENLEY, Respondent, v RICHARD P. GREENLEY, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated November 9, 1988, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered

December 5, 1989, as declared that certain shares of stock in Bell Atlantic, Bell South, and Ameritech were the plaintiff wife's separate property, and directed him to release any interest in or claim to that stock that he may have. The appeal brings up for review so much of an order of the same court, entered March 28, 1990, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order entered December 5, 1989, is dismissed, without costs or disbursements, as that order was superseded by the order entered March 28, 1990, made upon reargument; and it is further,

Ordered that the order entered March 28, 1990, is reversed insofar as reviewed, on the law, without costs or disbursements, the provisions of the order entered December 5, 1989, which granted that branch of the plaintiff's motion which was for a declaration that certain shares of stock in Bell Atlantic, Bell South, and Ameritech were the plaintiff wife's separate property, and to direct the defendant to release any interest in or claim to the Bell Atlantic, Bell South, and Ameritech stock he may have, are deleted, and that branch of the motion is dismissed.

The plaintiff and the defendant were divorced by a 1988 judgment incorporating the terms of a stipulation of settlement, including a provision directing the parties to equally divide the shares of stock in American Telephone and Telegraph (hereinafter AT&T) held at the time of stipulation. The AT&T stock was divided in accordance with the stipulation. However, almost two years later, on applications concerning a variety of disputes arising under the judgment and surviving stipulation, the plaintiff claimed that, since the AT&T stock was originally property she brought to the marriage, and since certain shares of stock in companies formed after the 1984 divestiture of AT&T which AT&T stockholders automatically acquired were not encompassed by stipulation of settlement, those shares were her separate property. The defendant claimed that the stock derived from the AT&T stock should be the subject of equitable distribution. However, the Supreme Court summarily declared that the derivative stock was the plaintiff's separate property.

Although we agree with the defendant that there is no basis for a determination that all of the stock is the plaintiff's separate property (see, Lauricella v Lauricella, 143 AD2d 642; cf., Carner v Carner, 85 AD2d 589), it is not the continuing duty of the Supreme Court to determine the respective rights of the parties in separate and marital property which the

parties, either by agreement or by proof at trial, failed to or did not adequately address *(cf.,* Domestic Relations Law § 236 [B] [5]; *see, Reichard v Reichard,* 138 Misc 2d 1013; *Jolis v Jolis,* 111 Misc 2d 965, 974-975, *affd* 98 AD2d 692). We conclude, rather, that the parties here waived their right to a determination that the shares should be distributed without regard to title and that title in each share should remain as it presently stands *(see, Jolis v Jolis, supra; see also, Scattoreggio v Scattoreggio,* 115 AD2d 531; *Boronow v Boronow,* 111 AD2d 735, *affd* 71 NY2d 284; *Rakowski v Rakowski,* 109 AD2d 1). Mangano, P. J., Bracken, Sullivan and Harwood, JJ., concur.