■ LINDA BEVILACQUA, Respondent, v DOROTHY BEVILACQUA, Appellant. [650 NYS2d 972] —In an action to recover possession of real property, the defendant appeals, as limited by her brief, from stated portions of (1) an order of the Supreme Court, Queens County (Satterfield, J.), dated July 19, 1995, which, inter alia, granted the plaintiff's motion for summary judgment, dismissed the defendant's third, fourth, fifth, sixth, and seventh counterclaims, dismissed the defendant's eighth counterclaim to the extent that it seeks to impose a constructive trust on the subject real property and the proceeds of a bank account, and severed the defendant's first and second counterclaims and the remainder of the eighth counterclaim, and (2) an order of the same court, dated February 1, 1996, which granted the plaintiff's motion to resettle the order dated July 19, 1995, and resettled the order dated July 19, 1995.

Ordered that the appeal from the order dated July 19, 1995, is dismissed, as that order was superseded by the order dated February 1, 1996; and it is further,

Ordered that the order dated February 1, 1996, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff owned a two-family house with her son, the deceased husband of the defendant, as a joint tenant with rights of survivorship. The defendant wife continued to reside in the house after the death of her husband and contests the plaintiff's right to possession, alleging fraud and that her

husband was unduly influenced to enter into a joint tenancy, rather than a tenancy in common, with his mother, thereby depriving her of any ownership interest in the home. The plaintiff has established her immediate right to possession of the home and that the defendant has illegally withheld possession from her. The defendant's counterclaims, interposed in 1995, which seek the imposition of a constructive trust over the property are time barred as the home was purchased in 1985 *(see,* CPLR 213 [1]; *see also, Matter of Wallace,* 191 AD2d 638; *Mattera v Mattera,* 125 AD2d 555). The defendant's counterclaims sounding in fraud, concerning the title to the real property, are also time barred *(see,* CPLR 213 [8]; 203 [g]) as the defendant was apprised of sufficient facts at the time of her husband's death to put her on notice of her potential claims based on fraud *(see, Neuhs v Ingersoll Rand Co.,* 115 AD2d 187).

The defendant is precluded from asserting her contentions regarding the dismissal of her third, fourth, and fifth counterclaims based on the decree of the Surrogate's Court, Queens County (Nahman, S.), dated July 27, 1993, in a proceeding which admitted the will of the defendant's husband to probate. The defendant appeared at the probate proceeding, but raised no objection. The probate proceeding determined the very issues the defendant asserts on this appeal and provided her with a full and fair opportunity to litigate them *(Silverman v Leucadia, Inc.,* 156 AD2d 442; *Langdon v WEN Mgt. Co.,* 147 AD2d 450). In any event, the defendant's contentions regarding dismissal of these counterclaims are without merit.

The defendant's remaining contentions are without merit. Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.