■ MARJORIE FIORE, Plaintiff, v ALPHONSO FIORE, Defendant. (Action No. 1.) ALPHONSO FIORE, Appellant, v MARJORIE FIORE, Respondent. (Action No. 2.) [668 NYS2d 662] —In a matrimonial action in which the parties were divorced by a judgment entered April 24, 1979 (Action No. 1), and an action, *inter alia,* to impose a constructive trust upon certain real property (Action No. 2), the plaintiff in Action No. 2 appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated November 29, 1996, as granted that branch of the motion of the defendant in Action No. 2 which was for summary judgment dismissing the cause of action to impose a constructive trust upon the former marital residence.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly dismissed the appellant former husband's cause of action for the imposition of a constructive

trust, which is governed by a six-year Statute of Limitations (*see,* CPLR 213 [1]; *Loengard v Santa Fe Indus.,* 70 NY2d 262; *Lucci v Lucci,* 227 AD2d 387; *Matter of Wallace,* 191 AD2d 638). Whether the appellant contends that the former wife wrongfully acquired fee ownership of the subject premises by improperly entering a divorce judgment and recording a deed executed by him in connection with the divorce, or that she thereafter wrongly withheld an ownership interest in the property from him despite their alleged reconciliation, the cause of action to impose a constructive trust on the property accrued in 1979 when all of these events occurred (*see generally, Sitkowski v Petzing,* 175 AD2d 801). Accordingly, the appellant's assertion of this claim in 1995 clearly was untimely (*see, e.g., Matter of Lupoli,* 237 AD2d 440; *Bevilacqua v Bevilacqua,* 233 AD2d 471).

In any event, the appellant concedes that he knowingly acquiesced in the transfer of the property to his former wife, and he has neither alleged nor established the requisite elements for the imposition of a constructive trust (*see, Doria v Masucci,* 230 AD2d 764; *Copland v Summ,* 228 AD2d 409). Sullivan, J. P., Pizzuto, Santucci and Florio, JJ., concur.