■ MARIA SILVERS, Plaintiff, and DEREK SILVERS, Respondent, v THOMAS SILVERS, Appellant. [699 NYS2d 874] —In an action, *inter alia*, to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated September 10, 1998, as denied his motion pursuant to CPLR 3211 to dismiss the cause of action asserted by the plaintiff Derek Silvers to recover damages for breach of contract.

■ MARIA SILVERS, Appellant, et al., Plaintiff, v THOMAS SILVERS, Respondent. [702 NYS2d 82] —In an action, *inter alia*, to recover damages for breach of contract, to impose a constructive trust, and to vacate a separation agreement dated May 26, 1981, the plaintiff Maria Silvers appeals from an order of the Supreme Court, Queens County (Posner, J.), dated June 30, 1998, which granted the defendant's motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted by her.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the appellant is precluded by the doctrine of res judicata from relitigating legal or equitable title to the subject premises (*see, Boronow v Boronow,* 71 NY2d 284; *Glass v Glass,* 186 AD2d 787; *Greenley v Greenley,* 175 AD2d 824). Accordingly, the relative rights and obligations of the appellant and the defendant, her former spouse, must be determined by reference to their separation agreement.

Contrary to the appellant's implicit contention, her right to the proceeds from the sale of the marital premises under a 1979 separation agreement terminated upon the execution, under advice of counsel, of a 1981 amended separation agreement that represented "the complete and entire agreement of the parties". Moreover, the appellant's attempt to reform the 1981 amended separation agreement as unconscionable must fail since she was represented by counsel and she accepted the benefits of the agreement for 15 years before commencing suit (*see, Stampfel v Stampfel,* 170 AD2d 595; *Hirsch v Hirsch,* 134 AD2d 485). Additionally, her causes of action for rescission, fraud, and to impose a constructive trust are time-barred (*see,* CPLR 213 [1], [2], [8]; *Fiore v Fiore,* 247 AD2d 362; *Riley v Riley,* 179 AD2d 750; *Sitkowski v Petzing,* 175 AD2d 801; *Frasca v Frasca,* 129 AD2d 766; *Curry v Chollette,* 57 AD2d 604). Accordingly, the court correctly granted the defendant's motion to dismiss the complaint. Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.