■ Elizabeth Avedon, Appellant, v John F. Avedon, Respondent. [703 NYS2d 485] —Order, Supreme Court, New York County (Walter Tolub, J.), entered October 28, 1998, which, to the extent appealed from, determined that plaintiff was not entitled to seek additional equitable distribution, denied plaintiff's request for attorneys' fees, and directed the parties to share college expenses for their eldest son equally, pending a judicial determination of each party's pro rata share, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of awarding plaintiff $25,000 in attorneys' fees, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff's claims of fraud, overreaching and duress have been previously dismissed, leaving the parties' mutual abandonment of the agreement's child support and custody provisions as the sole ground upon which rescission was premised and ultimately granted. This being the case, plaintiff's attempt to revisit the marital property settlement, 10 years after the fact, was properly rejected on the merits as inequitable (*see, Reichard v Reichard*, 138 Misc 2d 1013). An award to plaintiff of counsel fees for work already performed was properly limited to fees attributable to those portions of the proceedings seeking ancillary matrimonial relief (*see,* Domestic Relations Law § 237 [b]; *Stephenson v Stephenson*, 116 AD2d 504; *Donnarumma v Donnarumma*, 72 AD2d 545; *Moat v Moat,*

27 AD2d 895, 897). Plaintiff's application for prospective counsel fees, however, should have been granted in view of the respective financial condition of the parties and the additional discovery and support hearing directed by the trial court. Concur—Nardelli, J. P., Ellerin, Andrias and Buckley, JJ.