■ RANDE SUE FEINSTEIN, Respondent, v STEVEN M. MERDINGER, Appellant. [752 NYS2d 872] —Order, Supreme Court, New York County (Marjory Fields, J.), entered on or about May 31, 2001, which, in a proceeding seeking modification of the child support, maintenance and custody provisions contained in the parties' judgment of divorce, insofar as appealed from as limited by the briefs, directed respondent ex-husband to pay petitioner ex-wife temporary child support of $3,000 per month plus 100% of the child's summer camp, child care, private school, health care and certain other "add-on" expenses, and to pay petitioner's attorney interim counsel fees of $15,000, unanimously affirmed, without costs.

In a prior unappealed order, the motion court ruled that the judgment's child support provisions are unenforceable because the incorporated separation agreement did not indicate whether the stipulated obligation deviated from the presumptive obligation under the Child Support Standards Act (CSSA), and, if so, what the CSSA obligation would have been and the reasons for the deviation (Domestic Relations Law § 240 [1-b]

[h]; *cf. Gallet v Wasserman*, 280 AD2d 296). Therefore, it was necessary to fix child support de novo. For these purposes, it does not avail respondent to argue that his child support obligation contained in the judgment "generously provided for all of the child's needs." The motion court, properly relying instead on CSSA guidelines, gave appropriate consideration to, inter alia, the parties' respective financial resources and what the child's standard of living would have been had the parties stayed married (Domestic Relations Law § 240 [1-b] [f] [1], [3]).

The motion court also properly awarded petitioner counsel fees to defend against respondent's cross motion for a change in custody (Domestic Relations Law § 237 [b]). Petitioner's submission of a net worth statement in her reply papers, rather than in her moving papers as required by 22 NYCRR 202.16 (k) (2), did not warrant denial of her request for such fees, where the effect of the net worth statement was to confirm a prior recently filed net worth statement prepared for purposes of this proceeding. Indeed, respondent does not argue that the fee award was based on misrepresented or mistaken financial facts, but rather that a previous payment he made was enough to cover petitioner's legal expenses. Attorneys' fees, however, can be awarded for prospective work (*see Avedon v Avedon*, 270 AD2d 65, 66, *lv dismissed* 95 NY2d 902). Concur—Nardelli, J.P., Tom, Mazzarelli and Andrias, JJ.