■ ELAINE MORMILE, Appellant, v DOMINICK MORMILE, Respondent.—In an action for a divorce and ancillary relief, in which the parties were divorced by judgment dated March 5, 1987, the plaintiff wife appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated March 8, 1988, which denied her motion, *inter alia,* to modify the judgment of divorce to provide for equitable distribution of marital property.

Ordered that the order is affirmed, with costs.

The plaintiff Elaine Mormile and the defendant Dominick Mormile were married in 1957, and separated in 1972. Ten years later, the plaintiff commenced this action by service of a summons upon the defendant on June 22, 1982, seeking a judgment of divorce and ancillary relief including equitable distribution and title to the former marital residence. The defendant did not respond to the summons, and after two unsuccessful attempts, the plaintiff's third motion to obtain a judgment of divorce upon his default was granted. Although the plaintiff had sought equitable distribution of the marital residence in her two unsuccessful applications for a default judgment, the proposed judgment which she submitted as part of her final application made no provision for the distribution of the real property.

More than three years after entry of judgment in this action, the defendant, in November 1987, commenced an action to partition the marital premises. The plaintiff responded by moving to modify the judgment of divorce to provide for equitable distribution of the marital premises, and the Supreme Court denied her motion. We affirm.

Where the question of title to the marital premises could have been but was not raised and litigated in the matrimonial action, a party who has had a full and fair opportunity to seek title is barred by res judicata principles from subsequently reopening that issue *(see, Boronow v Boronow,* 71 NY2d 284, 286-287; *Rakowski v Rakowski,* 109 AD2d 1). Under the circumstances herein, we agree with the Supreme Court that by her failure to include any provision for equitable distribution in her proposed judgment or to reserve the issue for future determination, the plaintiff is barred from attempting

to litigate equitable distribution of the marital premises at this late date. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.