■ CORRADINA ZOLLNER, Appellant, v JOHN A. ZOLLNER, Respondent. [692 NYS2d 711] —In a matrimonial action in which the parties were divorced by judgment entered June 4, 1982, the plaintiff former wife appeals from an order of the Supreme Court, Queens County (Durante, J.), dated February 24, 1998, which denied her motion to modify the judgment of divorce to direct that she receive her equitable share of the defendant former husband's pension and 401K plan.

Ordered that the order is affirmed, with costs.

Under the parties' stipulation of settlement, either party had the right to apply to modify the judgment of divorce in the event, *inter alia*, that the defendant opted to exercise his rights under a pension plan available through his employer prior to January 15, 1990. Contrary to the plaintiff's contention, the defendant never opted to exercise his pension rights prior to January 15, 1990. Accordingly, the plaintiff was not entitled to modification of the judgment of divorce pursuant to the stipulation of settlement. In addition, the judgment of divorce does not allow the plaintiff to obtain equitable distribution of the defendant's pension and 401K plan.

We further conclude that by virtue of her failure to litigate the issue of equitable distribution or to include an express provision in the parties' stipulation of settlement as to a future distribution of, *inter alia*, the defendant's pension, the plaintiff is now barred by the doctrine of res judicata from seeking any further equitable distribution (*see, Rainbow v Swisher,* 72 NY2d 106, 110; *Boronow v Boronow,* 71 NY2d 284, 289-290). O'Brien, J. P., Krausman, Florio and H. Miller, JJ., concur.