■ MAXINE S. GRAHAM, Appellant, v SPENCER D. GRAHAM, Respondent. [740 NYS2d 325] —Order, Supreme Court, Bronx

County (La Tia Martin, J.), entered on or about July 3, 2001, which, to the extent appealed from as limited by the brief, denied plaintiff's application to modify the parties' divorce judgment to award equitable distribution and maintenance, and for counsel fees, unanimously affirmed, without costs.

Plaintiff's claim that the judgment of divorce was nonfinal and nonbinding because of the failure to make an award of equitable distribution is without merit. Unlike the cases relied upon by plaintiff, in which the divorce is bifurcated from equitable distribution and an appeal is brought after the issuance of a divorce but prior to the resolution of equitable distribution issues (*see, Garcia v Garcia*, 178 AD2d 683; *Sullivan v Sullivan*, 174 AD2d 862), in this case no issues of equitable distribution were raised in the divorce action and a final divorce judgment was issued (*see, Lazarus v Lazarus*, 240 AD2d 544).

The motion court properly denied the application to modify the divorce judgment for the purposes of equitable distribution. Plaintiff does not dispute that she obtained an ex parte divorce in April 1992 and that the only ancillary relief she sought was custody of the parties' daughter. Since plaintiff could have raised the issue of equitable distribution in the matrimonial action but failed to do so, she is barred by res judicata principles from relitigating the issue (*see, Boronow v Boronow*, 71 NY2d 284, 289-291; *Zollner v Zollner*, 263 AD2d 454; *Mormile v Mormile*, 149 AD2d 573). Plaintiff's claim that she did not have the opportunity to litigate the issue of equitable distribution because she was unrepresented by counsel and was under duress when she filed the action is unpersuasive. Plaintiff does not dispute that she was in law school and had been working for attorneys and other employers in law-related fields when she instituted the divorce action.

Plaintiff's application for an upward modification of maintenance was properly denied since she has failed to allege that she is incapable of being self-supporting or that there has been a change in circumstances (*see*, Domestic Relations Law § 236 [B] [9] [b]; *cf., Wyser-Pratte v Wyser-Pratte*, 66 NY2d 715).

Plaintiff's request for attorney's fees was properly denied (*see, David K. v Iris K.*, 276 AD2d 421; *McLane v McLane*, 209 AD2d 1001, *lv dismissed* 85 NY2d 924). Concur—Nardelli, J.P., Sullivan, Wallach and Rubin, JJ.