■ DOUNDLEY A.E., Appellant, v ELIZABETH R.E., Respondent. [844 NYS2d 200]—

Order, Supreme Court, Bronx County (Diane Kiesel, J.), entered January 26, 2007, which granted defendant summary judgment on her counterclaim for divorce on the ground of cruel and inhuman treatment, unanimously affirmed, without costs.

Even assuming the court had intended not to grant defendant's motion for leave to serve a second amended verified answer, summary judgment appears not to have been based on the incident newly alleged in that pleading. The court instead relied on the 2005 family offense proceeding, whose findings of fact did not encompass the latest incident. Even if the motion court had considered the fourth alleged incident, that would have been proper, since defendant's sworn and specific, nonconclusory fact allegations in that pleading would have constituted a factual showing in evidentiary form, which could properly be considered on a motion for summary judgment (*compare Panaccione v Acher*, 30 AD3d 989, 991 [2006], *with McFarland v Michel*, 2 AD3d 1297, 1299 [2003]). In deciding defendant's summary judgment motion herein, the court properly considered findings that the same Justice had made in the family offense proceeding, in which defendant's application for an order of protection was granted, and properly gave preclusive effect to those findings (*see Paccione v Paccione*, 202 AD2d 224 [1994]). By means of those findings, defendant sufficiently demonstrated, with a high degree of proof, that plaintiff's conduct so endangers her physical or mental well-being as to render it unsafe or improper for her to resume cohabiting with him (*cf. Gross v Gross*, 40 AD3d 448 [2007]).

Plaintiff's argument that the findings of fact and conclusions of law of the court in the family offense proceeding were obtained by fraud are made in this action for the first time in his reply brief, and we decline to consider it. Were we to consider that argument, we would reject it. Concur—Mazzarelli, J.P., Saxe, Sullivan, Catterson and Kavanagh, JJ.