■ JULIE ANN CHANG, Respondent, v YU-JEN CHANG, Appellant. [940 NYS2d 181]—

Spain, J.

Plaintiff thereafter commenced this action in Supreme Court seeking a divorce on the ground of cruel and inhuman treatment.* In a pro se answer, defendant entered a general denial and requested a jury trial, asserting that, among other things, he would be making a counterclaim for divorce at a future date. Plaintiff then moved for summary judgment, and requested that the court dismiss all of defendant's counterclaims. In March 2008, Supreme Court granted plaintiff's motion, finding that the evidence presented at defendant's previous trial on the family offense and violation of the order of protection petitions entitled plaintiff to summary judgment in her favor. Supreme Court also issued a judgment of divorce in plaintiff's favor pursuant to Domestic Relations Law § 170 (1), and incorporated by reference the existing Family Court custody and support orders and order of protection. Defendant now appeals from the order granting plaintiff summary judgment, the judgment of divorce and the decision upon which the judgment is based.

To obtain a divorce on the ground of cruel and inhuman treatment, a plaintiff must establish that "the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). Here, plaintiff, relying on the prior proceedings, asserted that defendant engaged in a campaign of harassment by sending hundreds of abusive e-mails, digging through her trash, calling her and refusing to meet financial commitments in order to manipulate her, and that he repeatedly violated orders of protection and made false criminal accusations against her. While defendant asserts that he successfully raised an issue of fact with respect to the ground for divorce, the doctrine of collateral estoppel precludes a party from relitigating an issue that had been raised in a prior action and decided against that party (see *People v Evans*, 94 NY2d 499, 502 [2000]; *Gadani v DeBrino Caulking Assoc., Inc.*, 86 AD3d 689, 691 [2011]).

In deciding plaintiff's motion for summary judgment, Supreme Court properly considered findings made by the same court in the family offense proceedings—affirmed on appeal—in

---

* The action for divorce was placed on the Integrated Domestic Violence Part of Supreme Court, Rensselaer County and assigned to the same judge who heard and decided the family offense and violation of order of protection petitions in Family Court, Rensselaer County.

which, after a full hearing, defendant was found to have committed the alleged family offense; he was also found to have repeatedly, intentionally and knowingly violated a temporary order of protection. The court was correct in giving collateral estoppel effect to those affirmed findings which, notwithstanding their 19-year marriage, "sufficiently demonstrated, with a high degree of proof, that [defendant's] conduct so endangers her physical or mental well-being as to render it unsafe or improper for her to resume cohabiting with him" (*Doundley A.E. v Elizabeth R.E.*, 44 AD3d 353, 353 [2007]; *see Paccione v Paccione*, 202 AD2d 224 [1994]). Thus, the award of summary judgment to plaintiff is fully supported in the record.

However, the order awarding summary judgment, establishing that plaintiff is entitled to a divorce on the stated grounds, is nonfinal and not itself appealable; given Supreme Court's failure, as statutorily required (*see* Domestic Relations Law § 236 [B] [5] [c]), to also render a final award of equitable distribution as part of the final judgment of divorce, dismissal of the appeals is required (*see Garcia v Garcia*, 178 AD2d 683, 683 [1991]; *Sullivan v Sullivan*, 174 AD2d 862, 862-863 [1991]; *see also Nagerl v Nagerl*, 46 AD3d 1199, 1200 [2007]; *Busa v Busa*, 196 AD2d 267, 269 and n [1994]).

Plaintiff's assertions in her complaint that "equitable distribution is not an issue" and that "[t]here are no marital assets or liabilities that need to be addressed" did not relieve Supreme Court of its statutory obligation, absent a stipulation of the parties not present here, to make an award of equitable distribution (*see* Domestic Relations Law § 236 [B] [5] [a]). Thus, we must remit this action to Supreme Court to resolve the issue of equitable distribution of the parties' marital property and to issue a final judgment of divorce. We strongly encourage the court to proceed without delay, given defendant's past behavior.

Mercure, A.P.J., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the appeals are dismissed, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.