■ JEFFREY A. HERCHENRODER, Respondent, v CYNTHIA J. HER-CHENRODER, Appellant. [979 NYS2d 177]—

Lahtinen, J.

In the absence of a duly executed agreement by the parties regarding distribution of their property, a judgment of divorce generally must include equitable distribution of the parties' property (see Domestic Relations Law § 236 [B] [5] [a]; *Chang v Yu-Jen Chang*, 92 AD3d 1153, 1155 [2012], *lv dismissed* 19 NY3d 1005 [2012]; *Roberts v Roberts*, 138 AD2d 791, 792 [1988]). Here, there was not such an agreement. Moreover, it is apparent that the wife was making a claim for equitable distribution in the divorce action and had planned to present proof in such regard (cf. *Graham v Graham*, 293 AD2d 345, 346 [2002], *lv dismissed* 98 NY2d 692 [2002]). Her failure to be ready to proceed, particularly when considered in the context of her apparent history of delays and being unprepared as noted by Supreme Court, may have constituted sanctionable conduct (see 22 NYCRR part 130). Nevertheless, under the circumstances,

we conclude that she should have been accorded a brief adjournment so as to be able to attempt to present her proof regarding equitable distribution. The remaining arguments are without merit.

Rose, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as failed to order equitable distribution of the parties' marital property; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.